UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------x
EFRAIN COLAN                         :    CIVIL ACTION NO.
    *Plaintiff*                          :
v.                                   :    JURY TRIAL REQUESTED
                                     :
GUARDIAN SERVICE INDUSTRIES,         :
INC.                                 :
    *Defendant*                          :    DECEMBER 12, 2012
------------------------------------------------x

## COMPLAINT

### INTRODUCTION:

1. This is an action to redress discrimination, unequal treatment, and wrongful termination in violation of the Americans with Disabilities Act (42 U.S.C. § 12101) and the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621-634), as well as the corresponding provisions of the Connecticut Fair Employment Practices Act set forth in Conn. Gen. Stat. § 46a-60(a)(1).

### JURISDICTION:

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as the Plaintiff's claims arise, *inter alia*, under the laws of the United States, specifically, the Americans with Disabilities Act and the Age Discrimination in Employment Act.

3. Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities on or about March 15, 2012, and received a Release of Jurisdiction letter dated October 5, 2012. This complaint is brought within ninety (90) days of the Release of Jurisdiction letter, which is attached hereto as **Exhibit A**.

4. Plaintiff further filed an administrative complaint with the U.S. Equal Employment Opportunity Commission on or about March 15, 2012, and received a release

1

and right to sue letter dated November 28, 2012. This complaint is brought within ninety (90) days of the Right to Sue letter, which is attached hereto as **Exhibit B**.

**PARTIES:**

5. The Plaintiff in this matter, Efrain Colan (hereinafter, "the Plaintiff"), was at all times relevant to this Complaint a resident of the City of Hartford, State of Connecticut.

6. The Defendant in this matter is the Guardian Service Industries, Inc. (hereinafter, "the Defendant" or "the Defendant Company"). The Defendant Company is a corporation organized under the laws of the State of New York and it is authorized to conduct business in the State of Connecticut. The Defendant Company's Connecticut business address is 210 Capitol Avenue, Hartford, CT 06106.

**ALLEGATIONS:**

7. The Plaintiff is a 63 years old male who is totally deaf and mostly mute. Plaintiff has extreme difficulty formulating speech that is intelligible to others. As a result, Plaintiff is highly limited in his ability to engage in verbal communication.

8. The Defendant Company provides facilities and maintenance services at the Connecticut State Capitol in Hartford, Connecticut.

9. The Plaintiff has been employed by the Defendant Company, or its prior corporate incarnations, since 1990.

10. For the duration of the Plaintiff's employment with the Defendant Company, the Plaintiff worked as a maintenance / custodial worker at the Connecticut State Capitol.

11. Though Plaintiff's physical disabilities limit his ability to communicate with others, Plaintiff can sometimes read lips and he is able to accept written work assignments.

12. Over the last 2 years of Plaintiff's employment, fellow employees and Plaintiff's supervisor, Joseph Martinelli, began to harass and discriminate against the Plaintiff based on his age and physical disabilities.

13. For example, on many occasions when the Plaintiff was vacuuming, his co-workers would unplug his vacuum on him. Because Plaintiff could not hear the vacuum engine operating, it would take him a long time to notice that the vacuum was not on. As a result, Plaintiff would have to plug the vacuum back in and repeat the work.

14. Additionally, at certain times of the year the area Plaintiff was assigned to clean was used frequently for meetings. At these times the areas would require significant additional cleaning work.

15. Though other employees were assigned extra help when their assigned areas required additional work, whenever Plaintiff requested additional help due to these meetings in his area, Plaintiff's requests were always denied.

16. Furthermore, Mr. Martinelli and other employees often came to Plaintiff's area to closely scrutinize his work so as to find a pretext for terminating him.

17. To this end, on February 8, 2012, Mr. Martinelli approached the Plaintiff to tell him that two of the soap dispensers that he was responsible for checking had dead batteries. Plaintiff attempted to engage Mr. Martinelli in conversation regarding his concern, but Plaintiff's disabilities limited his ability to communicate clearly.

18. Plaintiff also tried to discuss the issue with another co-worker who was responsible for repairing the soap dispensers, but again, he was limited in his ability to do so effectively because of his disabilities.

19. Thereafter, on February 15, 2012, Plaintiff was suspended pending termination due to the events of February 8th. The reason for Plaintiff's suspension was because he had

supposedly "yelled and scream[ed] about everybody and not ma[de] any sense." The suspension notice provided that in order to be reinstated Plaintiff would have to take an anger management classes. If Plaintiff did complete said classes by August 1, 2012, Plaintiff's termination would become final.

20. Mr. Martinelli is well aware that Plaintiff's communication problems were a result of his disability and that Plaintiff was simply attempting to communicate to the best of his limited ability and that he was in no way angry or attempting to yell at anyone and that he does not have an anger problem.

21. Furthermore, Mr. Martinelli knew that with Plaintiff's disabilities there was no possible way for him to successfully complete the anger management classes, and as such, Plaintiff would not be able to complete the classes and return to work and Mr. Martinelli would then be able to replace Plaintiff with a younger employee without physical disabilities.

**COUNT ONE:** Disability Discrimination in Violation of the Americans with Disabilities Act (42 U.S.C. 12101) and Conn. Gen. Stat. § 46a-60(a)(1).

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this First Count as if fully set forth herein.

22. The Plaintiff was discriminated against, unequally treated and terminated due to his medical disabilities.

23. The foregoing conduct of the Defendant constitutes disability discrimination in violation of the ADA and Conn. Gen. Stat. §46a-60(a)(1).

24. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income, health benefits, and retirement benefits and will continue to suffer the loss of same.all to his loss and detriment.

25. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

26. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:** **Age Discrimination in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621-634) and Conn. Gen. Stat. § 46(a)-60(a)(1)**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this Second Count as if fully set forth herein.

22. The Plaintiff was discriminated against, unequally treated and terminated due to his age.

23. The aforementioned conduct of the Defendant is a violation of the ADEA and the Connecticut Fair Employment Practices Act.

24. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income, health benefits, and retirement benefits and will continue to suffer the loss of same all to his loss and detriment.

25. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

26. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**WHEREFORE**, the Plaintiff prays that this Court grant him the following relief:

1. Assume jurisdiction over this matter;

2. Enter judgment in favor of the Plaintiff for back pay, value of lost employment and benefits as may be found by a jury;

3. Award front pay to the Plaintiff for the years he would have worked absent the Defendant's unlawful actions;

4. Enter judgment in favor of the Plaintiff for such amount as may be awarded by a jury for compensatory damages for his emotional pain and suffering;

5. Award to the Plaintiff all costs and reasonable attorney's fees incurred in connection with this action;

6. Assess punitive damages against the Defendant for its willful violation of the ADEA;

7. Permanently enjoin the Defendant from discriminating against its employees on the basis of age or disability;

8. Grant such additional or alternative relief as may appear to the Court to be just and equitable.

THE PLAINTIFF
EFRAIN COLAN

By: _____
Emanuele R. Cicchiello, Esq.
Federal Bar No. ct27118
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: manny@cicchielloesq.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

----------------------------------------------------x
:
EFRAIN COLAN                                        :   CIVIL ACTION NO.
    *Plaintiff*                    :
v.                                                  :   JURY TRIAL REQUESTED
                                                    :
GUARDIAN SERVICE INDUSTRIES,                        :
INC.                                                :
    *Defendant*                    :   DECEMBER 7, 2012
----------------------------------------------------x

## REQUEST FOR TRIAL BY JURY

The Plaintiff, Jamie Clarke, hereby requests trial by jury in the above-captioned matter.

                              THE PLAINTIFF
                              EFRAIN COLAN

By: _____
Emanuele R. Cicchiello, Esq.
Federal Bar No. ct27118
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: manny@cicchielloesq.com

# **EXHIBIT A**

EEOC Form 161-B (11/09) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Efrain Colon**<br>813 Maple Avenue, Apt. 810<br>Hartford, CT 06114 | From: **Boston Area Office**<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2012-00725 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

NOV 2 8 2012
*(Date Mailed)*

Enclosures(s)

cc:
GUARDIAN SERVICE INDUSTRIES
210 Capitol Avenue
Hartford, CT 06106

David Cahill, Esq.
CICCHIELLO & CICCHIELLO, L.L.P.
364 Franklin Avenue
Hartford, CT 06114

# EXHIBIT B

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Efrain Colon**
COMPLAINANT

CHRO No. 1210334
EEOC No. 16A-2012-00725

vs.

**Guardian Services Industries, Inc.**
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.

The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

October 5, 2012
DATE

Robert J. Brothers, Jr.
Executive Director

Service:
Complainant's Attorney: Michael J. Reilly, via email: service@cicchielloesq.com
Respondent's Contact: Glenn Sweet, via email: glenn.sweet@cga.ct.gov
Respondent: Guardian Services Industries, Inc., via first class mail: 210 Capitol Avenue, Hartford, CT 06106